dence is based on an evaluation conducted in March 1998, twenty-two months after the ALJ rendered his decision. We deny the motion.

■ As Jackson concedes, in order to remand this case, the new evidence must be material, and there must be "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.A. § 405(g) (West Supp.1998). In order to be material, the evidence must relate to Jackson's condition on or before the date of the ALJ's decision. *See Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.1990) (applying 20 C.F.R. § 404.970(b) to additional evidence submitted to the Appeals Council). Two aspects of Dr. Anderson's report arguably relate to Jackson's condition in 1995. First, Dr. Anderson considered Jackson's subjective statement that he had been depressed for five years. Second, Dr. Anderson reviewed Dr. Jones' 1994 report in reaching her conclusion. Dr. Jones' report, however, was available to the ALJ and was reflected in his decision; thus, Dr. Anderson's review of that report is not material. We also find Dr. Anderson's report immaterial because it is "not closely enough related in time to either the ALJ's decision or the Appeals Council's denial of review to warrant remanding the case for further consideration." *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir.1993) (per curiam) (concluding that reports submitted 20 months after the ALJ's decision were too late in time) (internal quotations and citations omitted).

## IV.

In summary, we hold that substantial evidence supports the ALJ's determination that Jackson is not disabled. We further hold that the ALJ's findings and conclusions are consistent with 20 C.F.R. § 404.1535. Hence, we decline to remand this case on the basis of intervening statutory and regulatory changes. Finally, we deny Jackson's motion to remand on the basis of new evidence. The judgment of the district court is affirmed.

Stephen KEITH, As Parent and Next Friend of Ezekiel Keith, a Minor; Susan Keith, As Parent and Next Friend of Ezekiel Keith, a Minor, Appellants,

Ezekiel Keith, a Minor, Plaintiff,

v.

Joe MULLINS, As County Judge of Columbia County, Arkansas; Kelly J. Blair, As Justice of the Peace of the Columbia County Quorum Court; Richard P. Clark, As Justice of the Peace of the Columbia County Quorum Court; Marshall Ray Mooney, As Justice of the Peace of the Columbia County Quorum Court; Howard A. Gordon, As Justice of the Peace of the Columbia County Quorum Court; Bruce Maloch, As Justice of the Peace of the Columbia County Quorum Court; Jimmy Furr, As Justice of the Peace of the Columbia County Quorum Court; Cal D. Shepherd, As Justice of the Peace of the Columbia County Quorum Court; David Fielding, As Justice of the Peace of the Columbia County Quorum Court; Allen R. Pinney, As Justice of the Peace of the Columbia County Quorum Court; Ken Sibley, As Justice of the Peace of the Columbia County Quorum Court; Homer F. Greer, As Justice of the Peace of the Columbia County Quorum Court, Appellees.

No. 97–3150WA.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 25, 1998.

Decided Dec. 22, 1998.

Steven R. Davis, John T. Haskins, Little Rock, AR, argued (Steven R. Davis, on the brief), for Appellant.

Robert A. Russell, Little Rock, AR, argued, for Appellee.

Before RICHARD S. ARNOLD, BEAM, and HANSEN, Circuit Judges.

RICHARD S. ARNOLD, Circuit Judge.

Stephen and Susan Keith appeal the District Court's order granting defendants' motion to amend a mandatory injunction entered by the Court. For the reasons discussed below, we reverse the judgment of the District Court and remand for an evidentiary hearing.

The Keiths' son, Ezekiel, uses a wheelchair. In their January 1996 lawsuit, the Keiths contended that Columbia County, Arkansas, failed to make the entrance to the County Courthouse in Magnolia accessible to disabled individuals, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, and Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. §§ 701–796i.

In March 1997, the District Court granted summary judgment to the plaintiffs, and entered a mandatory injunction ordering the County to construct a ramp at the courthouse to make it wheelchair-accessible. The Court retained jurisdiction and directed the County to file a status report on its progress in achieving compliance with the ADA. In June 1997, the County filed a motion to amend the mandatory injunction. The Keiths opposed the motion and requested a hearing. In September 1997, without holding a hearing, the Court modified the mandatory injunction to give the County a choice between installing a wheelchair lift and constructing a ramp. The Keiths appeal, arguing that the March 1997 final judgment is the law of the case, because the County neither appealed it nor moved to modify it within ten days under Federal Rule of Civil Procedure 59(e), and that no showing was made sufficient to justify modifying the injunction.

We construe the County's motion to amend as a motion under Federal Rule of Civil Procedure 60(b)(5), which provides: "upon such terms as are just, the court may relieve a party ... from a final judgment ... [if] the judgment has been satisfied ... or it is no longer equitable that the judgment should have prospective application." The District Court retains authority under Rule 60(b)(5) to modify an injunction when